## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SPTIME ZULKU, on behalf of herself and all others similarly situated, | ) ) ) | |
| PLAINTIFF, | ) ) | Civil Action No.  19-cv-03675 |
| v. | ) ) | Hon. Mary M. Rowland |
| I.Q. DATA INTERNATIONAL, INC., | ) ) | Magistrate Judge Sidney Schenkier |
| DEFENDANT. | ) ) ) | |

### JOINT MOTION FOR PRELIMINARY APPROVAL

Plaintiff, Sptime Zulku ("Zulku" or "Plaintiff"), individually, and as a representative of the class of persons defined below in Paragraph 4(a) ("Class"), and Defendant, I.Q. Data International, Inc. ("IQ" or "Defendant"), request that this Court enter an order which (i) preliminarily approves the Class Settlement Agreement ("Agreement") attached as Exhibit A; (ii) sets dates for Class Members to opt out or object, (iii) schedules a hearing for final approval of the Agreement; (iv) approves the mailing of notice to the Class in the form of Exhibit B, and (v) finds that the mailing of such notice satisfies due process. A copy of the proposed Preliminary Approval Order is attached as Exhibit C. The parties further state as follows:

1.     Plaintiff, individually and on behalf of a class, filed this lawsuit captioned *Sptime Zulku v. I.Q. Data International, Inc,* 19-cv-03675, alleging that Defendant violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 *et. seq*. when it sent debt collection letters to Plaintiff and the Class which overshadowed the right to dispute the validity of a debt and/or verify the debt; falsely and deceptively represented that the debt was not increasing due to interest; and falsely stating that interest was due when Defendant had no contractual or statutory right to add or collect interest.

2. After arms-length negotiations, on September 5, 2019, the parties reached a settlement to resolve all claims related to the Complaints at issue or which could have been asserted by Plaintiff and the Class against Defendant in the Litigation.

3. Counsel for the parties have analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the Litigation to conclusion, the likelihood of recovering damages in excess of those obtained through the settlement, the protracted nature of the Litigation, and the likelihood, costs and possible outcomes of one or more procedural and substantive issues. Based upon counsel's review and analysis, the parties have entered into the Agreement to settle all of the claims, including those of the Class alleged in the Litigation.

4. The parties desire to settle and compromise the Litigation on the terms and conditions embodied in the Agreement, and agree as follows:

The parties have agreed to certification of the following Class for settlement purposes only:

all persons similarly situated (1) with addresses in the State of Illinois (2) from whom I.Q. Data International, Inc. attempted to collect a debt by mailing a form letter with a Notice of Debt as contained in Exhibits C and D (3) sent within 30 days of its initial communication with a person wherein I.Q. Data International, Inc. first provided said person with a Notice of Debt (4) which form letter contained a subsequent 30 day Notice of Debt AND (5) where I.Q. Data International, Inc. sought to collect accruing interest (6) wherein I.Q. Data International, Inc. did not indicate on the form letter that the amount of the debt is increasing and/or that the amount that will be due on a later date may be more than the amount stated to be owed (7) which all form letters were mailed on or after June 2, 2018 and on or before June 2, 2019.

Defendant has identified 198 members of the Class

    a. <u>Plaintiff's Relief</u>: Defendant shall pay $3,000.00 to Zulku as damages for his claims, and as an incentive award for bringing the claims on behalf of the Class.

    b. <u>Class Fund</u>:  Defendant shall create a Class Fund of $77,000.00, which shall be distributed pro rata among Class Members who do not exclude themselves. ("Participating Class Members").

    c. Participating Class Members will receive a pro rata share of the Class Fund by check. Checks issued to Participating Class Members will be void 60 calendar days after issuance. Any uncashed checks after the Void Date

will be used to cover any unanticipated administration expenses and the remainder will be given to the National Association of Consumer Advocates (NACA) as a *cy pres* award.

d.   Attorney's Fees and Costs: Defendant agree to pay Class Counsel attorney's fees and costs in the amount of $52,000.00.

e.   Administration Cost: Class Administrator will be administering the Class Settlement, including the sending of Class Notice and issuing of checks. Defendant agrees to pay the Class Administrator $5,800.00 for the cost incurred with administering the Class Settlement.

f.   Opting-Out: All Class Members who timely submit a written request for exclusion from the Class shall be excluded from such Class and shall have no rights pursuant to the Agreement. A request for exclusion must be in writing, and include the name, address, phone number and signature of the person (or authorized representative) seeking exclusion. The request must be mailed to the Class Administrator at the address provided in the Class Notice and postmarked by the date set by the Court.

g.   Objecting to Class Settlement: A Class Member has the right to object to the settlement or a part of it. An objector must timely submit an objection and give reasons why her or she thinks the Court should not approve the settlement. A copy of the objection must also be mailed to Class Counsel and Defendant's Counsel at the addresses provided in the Class Notice. In order for an objection to be considered by the Court, it must: (a) provide the case name; (b) list the objector's name, address and telephone number; (c) state the objection to the settlement; (d) set forth the legal and factual basis for the objection; and (e) provide copies of any documents in support of the objection.

5.   The FDCPA caps a class's recovery at one percent (1%) of the debt collector's net worth. *See* 15 U.S.C. § 1692(k)(a)(2)(B)(ii). Based upon the financial information provided by Defendant to Class Counsel and the nature of the claims alleged, they believe that the Agreement is fair and reasonable, would be in the best interests of the Class Members, and should be approved by the Court. If no Class Members opt out or exclude themselves from the settlement, each Participating Class Member will receive an estimated $388.88.

6.   If this Agreement is not approved by the Court or for any reason does not become Effective, it shall be deemed null and void and shall be without prejudice to the rights of the

parties hereto, and shall not be used in any subsequent proceedings, in this or any other litigation, or in any manner whatsoever.

7.      The Settlement complies with Seventh Circuit case law concerning class action awards, and is consistent with the principles set forth in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), *Redman v. Radioshack Corp.*, 768 F.3d 622, (7th Cir. 2014) and *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014). Here, unlike the aforementioned cases, the attorney's fees and costs are separate and apart from the Class Recovery. The FDCPA is a fee shifting statute and the attorney's fees and cost being awarded would not come out of the Class Fund, but rather paid directly from Defendant. Thus, the attorney's fees and costs award does not affect the award to the class, unlike *Pearson*, *Redman*, and *Eubank* where the payment of attorney's fees and costs changed the total payment to the Class, thus reducing the value of the settlement. In this case, the Class Fund consists of approximately half of the 1% of net worth cap in FDCPA class actions. Class members will receive a minimum of close to 40% of the maximum statutory damages they could receive in individual actions, without the risk, time, and expense of pursuing their individual claims to judgment.

8.      The Parties have proposed a Class Notice (Exhibit B) which provided adequate notice to the Class regarding the terms of the settlement, the ways Class Members can opt-out of the settlement, or object, thus satisfying the requirements of Fed.R.Civ.P. 23 and of due process.

9.      Class Counsel will file a Notice of Fees and Incentive award to Plaintiff within 45 days after the initial mailing of Class Notice.

10.      Plaintiff and Defendant request that the Court set the following schedule for the proposed Agreement:

> a.      Class notice (Exhibit B) is to be mailed within fourteen (14) calendar days of entry of the Preliminary Approval Order;

b.   Class Members shall have sixty (60) calendar days after the initial mailing of the notice to exclude themselves from or object to the proposed settlement. Any Class Members desiring to exclude themselves from the action must serve copies of the request on counsel for both Plaintiff and Defendant by that date. Any Class Members who wish to object to the settlement must submit an objection in writing to the Clerk of the United States District Court for the Northern District of Illinois, and serve copies of the objection on counsel for both Plaintiff and Defendant by that date. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find the proposed settlement is not in the best interests of the Class. Objectors who have filed written objections to the settlement must also appear at the hearing and be heard on the fairness of the settlement. The request for exclusion or objection must be postmarked by a date sixty (60) calendar days after the initial mailing of the Class notice.

c.   A final hearing on the fairness and reasonableness of the Agreement and whether the final approval shall be given to it and the request for fees and expenses by counsel for the Class will held before this Court on a date at least ninety (90) calendar days from the entry of the Preliminary Approval Order under the Class Action Fairness Act..

11.   In the event that there is any conflict between any provision of this motion and the settlement agreement between the parties, the parties intend for the Agreement to control, subject to Court approval.

12.   The parties – strictly for settlement purposes, and without making any admissions or confessions – believe that the Class certification is appropriate because

a.   The class, at 198 individuals, is so numerous that joinder would be impractical;

b.   The alleged violations of the FDCPA stem from practices by Defendant that was applied across all members of the Class;

c.   The claims of the Class Members, are similar to the alleged violations, would be similar because the class members were sent the same collection letter, most likely with the same conditions, and allegedly suffered the same damage by Defendant. Plaintiff's class allegations center on the Defendant's alleged unlawful collect attempts, and the questions of fact and law are similar among members of the class;

d.   Plaintiff, as class representative, has diligently and responsibly pursued this action on behalf of himself and the class. Plaintiff's counsel has

additionally worked diligently towards securing fair and reasonable class settlement.

e.    A class action is superior in this case because individual litigation of all claims would result in inconsistent rulings and substantially decreased efficiency

13.    Given the fact that the Class would recover close to 40% of the maximum statutory award available to them under the FDCPA, without the risks associated with pursuing the case to judgment, and the time and expense required to do so, preliminary approval of the settlement is appropriate, for it is within the range of reasonableness for a class settlement.

WHEREFORE, the parties respectfully request that the Court enter an order in the form of Exhibit C to the Agreement, which (i) grants preliminary approval of the proposed settlement; (ii) approves and directs the mailing of a notice, in the form of Exhibit B to the Agreement, and finds that the mailing of such notice satisfies the requirements of due process; (iii) sets dates for the Class Members to opt out or object; and (iv) schedules a hearing for the final approval under Fed.R.Civ.P. 23(c)(2).

Respectfully Submitted,

s/ *Mario Kris Kasalo*
Mario Kris Kasalo
The Law Office of M. Kris Kasalo, Ltd.
20 N. Clark, Ste. 3100
Chicago, IL 60602
Attorney for the Plaintiff/Class

s/ *Paul Gamboa*
Paul Gamboa
Gordon Rees Scully Mansukhani, LLP
1 N. Franklin Street, Suite 800
Chicago, IL 60606
Attorney for the Defendant

s/ *Christina Rose Spiezia*
Christina Rose Spiezia
Gordon Rees Scully Mansukhani, LLP
1 N. Franklin Street, Suite 800
Chicago, IL 60606
Attorney for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2020, I electronically filed with the Clerk of the U.S.

District Court, Northern District of Illinois Eastern Division, the foregoing Joint Motion for

Preliminary Approval by using the CM/ECF system, which will send notification of such

filing(s) to:

s/ *Mario Kris Kasalo*